IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:22-CR-00398-X |
| ANTHONY PAZ TORRES | |

## PLEA AGREEMENT

Anthony Paz Torres, the defendant, Maria Pedraza and Loui Itoh, the defendant's attorneys, and the United States of America (the government) agree as follows:

1.   **Rights of the defendant**: The defendant understands that the defendant has the rights:

       a.   to plead not guilty;

       b.   to have a trial by jury;

       c.   to have the defendant's guilt proven beyond a reasonable doubt;

       d.   to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

       e.   against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offenses alleged in Counts One through Five of the indictment, each charging 18 U.S.C. § 249(a)(2), that is, Hate Crime Acts, and Count Six of the indictment, charging Use of a Firearm to Commit Murder During a Crime of Violence. The defendant understands the nature and elements of the crimes to which the defendant

is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose for Counts One through Five include:

    a. for each count, imprisonment for a period for any term of years up to life;

    b. for each count, a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. for each count, a term of supervised release of not more than five years, which is mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100 for each count;

    e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f. costs of incarceration and supervision; and

    g. forfeiture of property.

The minimum and maximum penalties the Court can impose for Count Six include:

    a. a term of imprisonment of not less than ten years and not more than life, which will run consecutively to any term of imprisonment ordered on Counts One through Five;

    b.    a fine not to exceed 250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than five years, which is mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision; and

    g.    forfeiture of property.

4.    **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead

guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Sentencing agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate term of imprisonment in this case is no greater than 444 months. Additionally, the parties agree, pursuant to Rule 11(c)(1)(C), that the Court shall adjust the sentence imposed in accordance with USSG § 5G1.3(b)(1) to account for time the defendant has been incarcerated in state custody for the same conduct underlying the offense of conviction and shall run the sentence concurrent with the sentence imposed in *State v. Anthony Paz Torres*, Cause No. F15-76860-P in the 203rd District Court in Dallas County, Texas. Specifically, the parties agree that the 444 month maximum sentence agreed to by the parties should be reduced by the Court at the time of sentencing to reflect time in State custody between December 25, 2015 through January 13, 2016 and from February 17, 2016 through the date of sentencing in connection with the instant matter. In addition, the remainder of the federal sentence shall be imposed to run concurrently with the remainder of the state sentence. If the Court accepts this plea agreement, these sentencing provisions are binding on the Court. Other than the agreed maximum term of imprisonment, the fact that it shall run concurrently to the identified State case, and the adjustment under USSG § 5G1.3(b)(1) for the time periods outlined in the prior sentence, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

6. **Rejection of agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

7. **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $600 in satisfaction of the mandatory special assessments in this case.

8. **Defendant's agreement**. The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense(s) of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

9. **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

a. **Financial Disclosures:** The defendant shall submit an accurate and complete personal financial statement under oath on demand by the USPO, the Court, or the government, which statement shall include all requested support documents and may be shared between and among the government and the USPO as needed for collection of any financial obligations.

b. **Financial Interviews:** The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

c. **Credit Check:** The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

d. **Treasury Offset Program:** The defendant consents to enrollment upon sentencing in the Treasury Offset Program, at the sole discretion of the government, which would allow for funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to be applied to the defendant's outstanding financial obligations imposed by the Court.

10. **Restitution**: Pursuant to 18 U.S.C. §§ 3663A and 3663(a)(3), the defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all loss resulting from the offenses of conviction and all relevant conduct, in an amount to be determined by the Court.

11. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information, specifically the forfeiture of a Glock Model 22, .40 S&W caliber semiautomatic weapon bearing serial number PDK457 and any associated ammunition. The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C.

§ 2461(c). The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

12. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and the United States Department of Justice Civil Rights Division, Criminal Section, and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

13. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the

defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

14. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose, except for the terms of this plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

15. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence (including the precise length of the adjustment under USSG § 5G1.3(b)(1) determined by the district court at sentencing), fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

16. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorneys and is fully satisfied with those attorneys' legal representation. The defendant has received from the defendant's attorneys explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorneys, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[NOTHING FURTHER ON THIS PAGE.]

17. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 16th day of June, 2023.

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

*Rebekah Bailey*

REBEKAH BAILEY
Trial Attorney
Texas State Bar No. 24079833
United States Department of Justice
Civil Rights Division, Criminal Section
150 M. Street N.E., Floor 7
Washington, D.C. 20593
Telephone: 202-598-6408
Email: Rebekah.Bailey@usdoj.gov

LEIGHA SIMONTON
UNITED STATES ATTORNEY

NICOLE DANA
Assistant United States Attorney
Texas State Bar No. 24062268
1100 Commerce St., Suite 300
Dallas, TX 75242
Tel: (214) 659-8694
Fax (214) 659-8800
Email: nicole.dana@usdoj.gov

TIFFANY H. EGGERS
Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          6/16/23
ANTHONY PAZ TORRES                       Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____          6/16/23
MARIA PEDRAZA                            Date
LOUI ITOH
Attorneys for Defendant